IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARIA CONCEPCION BANEGAS SANTOS,

                  Petitioner,                  OPINION AND ORDER

    v.

                                                                   26-cv-63-wmc

PAMELA JO BONDI, Attorney General of the United States,
KRISTI NOEM, Secretary of the
Department of Homeland Security,
DEPARTMENT OF HOMELAND SECURITY,
TODD LYONS, Acting Director of
Immigration and Customs Enforcement,
IMMIGRATION AND CUSTOMS ENFORCEMENT,
DAREN K. MARGOLIN, Acting Director,
Executive Office for Immigration Review,
DAVID EASTERWOOD, Director, St. Paul
Field Office, U.S. Immigration and Customs Enforcement,
MATT IZZARD, Sheriff of Douglas County,

                  Respondents.

---

Petitioner Maria Concepcion Banegas Santos ("Banegas") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 while in the custody of United States Immigration and Customs Enforcement ("ICE") at the Douglas County Jail in Superior, Wisconsin. On February 10, 2026, the court granted the petition and ordered respondents to afford petitioner a bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven days. (Dkt. #10.) The court further directed respondents to address petitioner's argument that she is entitled to release because she has been detained in violation of ICE Policy Directive 11032.4, which prohibits detention of nursing mothers absent exceptional circumstances. (*Id*.) Because respondents have conceded no valid reason for her detention exists, the court find that petitioner is entitled to additional relief, therefore, respondents are ordered to release her and reunite her with her nursing child.

BACKGROUND[1]

This case is one of hundreds filed by noncitizens across the United States swept up by ICE as part of increased efforts by the current administration to enforce immigration laws and detain those individuals without bond pending expedited removal proceedings. Petitioner is a native and citizen of Honduras who entered the United States in 2023. In June 2025, petitioner gave birth to a daughter in St. Paul, Minnesota. On December 23, 2025, ICE agents took petitioner into custody without a warrant of arrest. She has been detained since that time.[2]

Petitioner contends that she had been consistently breastfeeding her daughter until the time of her detention and that her confinement interferes with her ability to do so. She states further that respondents have not provided her with any equipment to express milk, store milk, or otherwise provide it to her child. Thus, she contends that respondents have detained her in violation of ICE policy. Specifically, petitioner argues that her continued detention violates ICE Directive 11032.4.[3] That policy, which governs the "Identification and Monitoring of Pregnant, Postpartum, or Nursing Individuals," states as follows: "ICE should not detain, arrest, or take into custody for an administrative

---

[1] Unless otherwise indicated, the facts set forth in this section are taken from the verified petition for a writ of habeas corpus. (Dkt. #1.) Because respondents have not disputed any of the material facts or evidence offered by petitioner, but rely solely on legal arguments, the court accepts these facts as true for purposes of this opinion.

[2] Neither party has provided a status report regarding the bond hearing respondents were directed to provide to petitioner. Publicly available records reflect that, to date, she remains in custody. *See* ICE Online Detainee Locator System, at locator.ice.gov (last visited Feb. 19, 2026).

[3] Petitioner also references Policy No. 11039.1, which governs "Detention of Refugees Admitted Under INA § 207 Who Have Failed to Adjust to Lawful Permanent Resident Status," but has not alleged facts showing that she fits within this policy.

2

violation of immigration laws individuals known to be pregnant, postpartum, or *nursing* unless release is prohibited by law or exceptional circumstances exist." (Dkt. #1, ¶ 48 (emphasis added).)

OPINION

A district court may grant a writ of habeas corpus if the petitioner shows that she is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Habeas proceedings under § 2241 are an appropriate mechanism for immigrants in removal proceedings to challenge their ongoing detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). Here, petitioner argues that her continued detention is contrary to ICE Directive 11032.4 and that respondents have violated *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), by not complying with their own policy.

Specifically, federal agencies are required by the *Accardi* doctrine to follow their own rules and regulations. 347 U.S. at 267-68 (holding that the Board of Immigration Appeals was required to follow its own regulations governing deportation proceedings); *see also Zelaya Diaz v. Rosen*, 986 F.3d 687, 692 (7th Cir. 2021) (under *Accardi* and its progeny, "federal agencies are required to follow their own regulations and some other formally adopted procedures, including those that govern exercises of an agency's discretion"); *Martinez Camargo v. INS*, 282 F.3d 487, 491 (7th Cir. 2002) ("[C]ourts have consistently demanded governmental compliance with administrative regulations designed to safeguard individual interests."). Moreover, *Accardi* is not "limited to rules attaining the status of formal regulations." *Montilla v. INS*, 926 F.2d 162, 167 (2d Cir. 1991); *see also Damus v. Nielsen*, 313 F. Supp. 3d 317, 336-37 (D.D.C. 2018) ("the premise underlying the *Accardi*

doctrine is that agencies can be held accountable to their own codifications of procedures and policies -- and particularly those that affect individual rights"). Courts may also reverse an agency's action for violating its own internal rules and procedures, particularly those affecting individual rights. *See Morton v. Ruiz*, 415 U.S. 199, 235 (1974) (affirming reversal of an agency decision to deny public assistance made in violation of an internal agency manual); *United States v. Lee*, 274 F.3d 485, 492 (8th Cir. 2001) (administrative agencies may not take action "inconsistent with their internal regulations when it would affect individual rights").

As noted above, Directive 11032.4 provides that ICE "should not detain . . . individuals known to be nursing . . . unless release is prohibited by law or exceptional circumstances exist." The court specifically directed respondents to show cause why petitioner's release pending removal proceedings is prohibited by law or explain otherwise what exceptional circumstances exist that prohibit petitioner's release pursuant to ICE Directive 11032.4. (Dkt. #10.) They concede that there are none. (Dkt. #11, at 2.) Having identified no exceptional circumstance or other legal reason why her release is impermissible under ICE Directive 11032.4, respondents are in violation of *Accardi* for failure to comply with an agency policy that plainly affects individual rights. Thus, the court will grant the petition and order respondents to release petitioner under conditions deemed appropriate.

ORDER

IT IS ORDERED that:

1) The petition for a writ of habeas corpus filed by Maria Concepcion Banegas Santos (dkt. #1) is GRANTED.

2) Respondents shall release petitioner from custody immediately and certify compliance with this order by filing a notice with the court by February 24, 2026.

Entered this 19th day of February, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge